**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| ELECTRICAL EQUIPMENT CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| SIMON SIMMONDS, | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Electrical Equipment Corporation (hereinafter "EEC") by and through its attorneys and for its Complaint as against the Defendant Simon Simmonds ("Defendant") states as follows:

**PARTIES**

1. EEC is an Illinois corporation, having its principal place of business in Chicago, Illinois. Defendant is an individual residing in the state of California. The Defendant is also a shareholder of EEC.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) as EEC and Defendant are citizens of different states. EEC is an Illinois corporation with its principal place of business in Chicago, Illinois and the Defendant is domiciled in San Diego, California. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of costs and interest.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claims set forth herein occurred in

this judicial district. In addition, a substantial part of the property that is subject of this action is or was situated in this district at the time the acts complained of occurred.

## FACTS COMMON TO ALL COUNTS

4. EEC was incorporated pursuant to the laws of the State of Illinois on November 22, 2002. EEC's principal place of business is 4050 N. Rockwell Street, Chicago, Illinois 60618. It is, and has remained, in good standing with the Illinois Secretary of State since the time of its incorporation.

5. Since the date of its incorporation, EEC has elected the same three shareholders as its directors and officers, namely: Andrew Maitland ("Andrew"), who serves as president and as a director; Graeme Richard Sandwith ("Graeme"), who serves as secretary and a director; and, the Defendant Simon Simmonds ("Defendant"), who serves as a director. EEC has no other shareholders, officers or directors.

6. The same three shareholders are also salaried employees of the EEC.

7. EEC is engaged in the business of manufacturing, assembling and the selling of electrical equipment and supplies. It operates from its principal location at 4050 N. Rockwell Street, Chicago, Illinois. EEC is a distributor of high specification, electrical products and accessories and serves a diverse range of markets worldwide which include hazardous locations and industrial, military and civil aerospace programs. EEC designs and manufactures electrical connectors and interconnection systems, for the oil, gas and general industrial markets.

8. In or about late September, 2012, EEC became aware of the possibility of unauthorized shipments of some of its merchandise and products. Andrew and Graeme stumbled upon various purchase orders from customers and former customers of EEC. The purchase

orders were not addressed to EEC but were instead addressed to the Defendant individually. The purchase orders were not recorded on EEC's books of account or elsewhere in EEC records.

9. An investigation revealed additional purchase orders and shipping records for sales which were also not recorded on the books and accounting records of EEC. In each such case, the source and authorization for the unrecorded sale or shipment was determined to be the Defendant.

10. As an employee, shareholder and director, Defendant has unfettered access to the physical location of EEC as well as all of EEC's information. As such, using his access, Defendant directed shipments of EEC merchandise to others.

11. Instead of directing payment to EEC, Defendant directed payment to himself. To date, Defendant has not accounted for said shipments and sales of EEC equipment and inventory. During September and October, 2012 further diligent investigation revealed that some of these unrecorded transactions dated back as far as the year 2008. In each instance, the unrecorded transaction was instituted and authorized by Defendant.

12. Since the purchase orders, shipping records and sales records were not recorded on the books of EEC, it is impossible to determine the exact amount of inventory removed and sales made at the instance of Defendant.

13. An analysis of many of the unrecorded transactions enabled EEC to indentify some payments for the missing merchandise. In each instance, it was determined that payments of the unauthorized sales were made directly by the customer (or recipient) of the merchandise to Defendant. On information and belief, Defendant used an address other than that of EEC for the receipt of payments for the EEC goods sold or disposed of by Defendant.

14. During the foregoing investigation, it also came to light that Defendant had established several new internet domains and email addresses under the name "Offshore.co.uk", which competes with the business of EEC. This, despite the Defendant is a director and shareholder of EEC. In addition, these internet sites were not authorized by EEC, which had no prior knowledge of the same.

15. A large amount of the merchandise that was removed from EEC's premises and sold by Defendant without accounting to EEC was shipped to the United Arab Emirates and to various countries in Europe.

16. Neither Graeme nor Andrew nor other members of management of EEC (other than Defendant) knew of these unrecorded transactions. Defendant has not accounted to EEC for any of these secretive transactions.

17. Other than Defendant, none of the officers or directors of the EEC had knowledge of, and never approved of, any of these unrecorded transactions by Defendant. Nor did Defendant disclose any of the unrecorded transactions to EEC, Graeme or Andrew.

18. The exact amount of merchandise removed by Defendant and sold without accounting for such sales or proceeds thereof is unknown to EEC, but a preliminary examination indicates that the amount exceeds Eighty-Four Thousand Dollars ($84,000.00), which does not include other damages as of the date of filing this action.

**COUNT I – ACCOUNTING**

19. EEC repeats and realleges paragraphs 1 through 18 as if fully set out as paragraphs 1 through 18 of this Count I.

20. Defendant is a director, shareholder and paid employee of EEC. As such, he owes a fiduciary duty to EEC to act on behalf of EEC using the utmost good faith. As a fiduciary to

EEC, Defendant is under a legal duty to account for all unauthorized sales and the sales proceeds derived therefrom and merchandise of EEC coming into his possession or control and the proceeds thereof. Defendant has, without the knowledge, authority or consent of EEC or its Board of Directors and officers, removed various manufactured products from the inventory of EEC and secretly sold or disposed of and shipped the same to customers, former customers and others generally unknown to EEC.

21. Defendant has received various sums of money from these unauthorized sales. As a fiduciary, Defendant is under a legal duty to account to EEC for all such merchandise wrongfully removed or caused by him to be wrongfully removed from the premises of EEC and sold by him.

## COUNT II – CONVERSION

22. EEC repeats and realleges paragraphs 1 through 21 as if fully set out as paragraphs 1 through 21 of this Count II.

23. Defendant has, intentionally without knowledge of the EEC or its directors, officers and agents, converted inventory and the proceeds from the sale of the inventory, for his personal benefit, sold the same and received and retained the proceeds thereof for himself. Defendant manipulated EEC's record keeping system so as not to be found out and to hide his theft.

24. Defendant is a fiduciary to EEC by reason of being a director and employee of EEC.

25. Defendant took possession of and transferred EEC's property to others and personally received monies that he is not legally entitled to retain.

5

26. Defendant's actions were intentional and made with the intent to permanently deprive EEC of its property.

27. Defendant converted property owned by EEC in the sum of at least $84,000.00. As a direct and proximate result of Defendant's wrongful conduct the EEC has been damaged in an amount exceeding $84,000.00.

## COUNT III – INJUNCTION

28. EEC repeats and realleges paragraphs 1 through 27 as if fully set out as paragraphs 1 through 27 of this Count III.

29. Defendant is a director and employee of EEC and, as such, has had unrestricted access to EEC's premises, property, books, records, computer systems and/or inventory. Defendant has committed theft and misappropriated EEC's inventory. Defendant has usurped corporate opportunities belonging to EEC. Defendant is in a position to cause continuing irreparable harm to EEC and its business and goodwill.

30. Defendant has used his unfettered access at EEC to commit theft of various property and monies from EEC and to divert EEC's business to his own benefit, all without EEC's knowledge.

31. Defendant, by his conduct, has demonstrated that he constitutes a continuing threat of harm to EEC and its business, goodwill and customers. There is no reason to believe that, if not restrained, Defendant' wrongful conduct will cease.

32. If Defendant' wrongful conduct is not restrained, EEC will continue to suffer irreparable harm in the form of lost customers, theft of property, usurping of corporate opportunities and loss of goodwill.

## COUNT IV – DISGORGEMENT OF PROFITS/FORFEITURE OF COMPENSATION

33. EEC repeats and realleges paragraphs 1 through 32 as if fully set out as paragraphs 1 through 32 of this Count IV.

34. The foregoing conduct by Defendant has deprived EEC of gains and profits to which it would have legitimately been entitled, but for the illegal activities.

35. EEC has paid significant compensation to Defendant during the periods of time Simmons committed the illegal and wrongful acts described above.

36. Defendant should be compelled to account for all such profits to which EEC would have been entitled, but for his illegal conduct.

## COUNT V – BREACH OF FIDUCIARY DUTY

37. EEC repeats and realleges paragraphs 1 through 36 as if fully set out as paragraphs 1 through 36 of this Count V.

38. As a director, employee and shareholder of an Illinois close corporation, Simmons owed a fiduciary duty to EEC to act with honesty and the utmost good faith in his dealings with EEC and on behalf of EEC.

39. Based on the foregoing, Defendant breached his fiduciary duty.

40. As a direct and proximate result of Defendant's conduct, EEC has been damaged in a sum exceeding $200,000.00.

## **PRAYER FOR RELIEF**

WHEREFORE, Electrical Equipment Corporation prays as follows:

a) As to Count I, for Accounting, that the Court enter an order requiring the Defendant, Simon Simmonds, to account to Plaintiff, Electrical Equipment Corporation, for the theft and conversion of EEC's inventory, for the secretive sales and profits made by Defendant,

7

and the other corporate opportunities usurped by Defendant that remain presently unknown to EEC;

    b) As to Count II, for Conversion, for a judgment as against Defendant and in favor of EEC in a sum of at least $84,000.00;

    c) As to Count III, for an injunction in favor of EEC and against the Defendant, as follows:

        i) Enjoining Defendant from entering the physical premises of EEC;

        ii) Enjoining Defendant from converting property, including inventory, owned by EEC;

        iii) That Defendant be ordered to return to EEC all confidential and trade secret information in his possession; and

        iv) That the injunction be issued without bond.

    d) As to Count IV, for Disgorgement, for a judgment as against the Defendant and in favor of EEC, in a sum as determined at trial;

    e) As to Count V, for Breach of Fiduciary Duty, for judgment against the Defendant and in favor of EEC, in the sum of no less than $200,000.00; and

    e) For any other relief this Court deems just and fit.

PLAINTIFF DEMANDS A TRIAL BY JURY.

        Respectfully submitted,

        ELECTRICAL EQUIPMENT CORPORATION

        /s/Elliot S. Wiczer
        One of Its attorneys

Elliot S. Wiczer (#6208432)
John M. Sheldon (#6256666)
Brian S. Feldman (#6288135)
FOREMAN FRIEDMAN, P.A.
500 Skokie Blvd., Ste. 325
Northbrook, IL 60062
(847) 849-4850